### McDONALD v. McDONALD et al.

*(Supreme Court, General Term, Third Department.* September 25, 1890.)

FRAUDULENT CONVEYANCES—EVIDENCE.

  Plaintiff recovered judgment in July, 1889, against M., on an indebtedness arising in 1877. M. had conveyed to her daughter, C., in 1884, certain land; in July, 1888, all her personal chattels; in January, 1889, certain other land; and in May, 1889, other personal property, — all without valuable consideration, thereby divesting herself of all her property. On the day on which the chattels were conveyed to C., C. conveyed them, without consideration, to S. C. also conveyed to S. the land; the first parcel by deed dated July, 1888, and the second parcel by deed dated April, 1889. S. was not related to M. or C., but lived with them on the premises first transferred; and the personal chattels so conveyed were the furniture, etc., used by M. therein, as to which there was no actual change of possession. *Held,* in an action by plaintiff, after return of execution on his judgment unsatisfied, to set aside these conveyances as fraudulent, that findings that the conveyances of the second parcel of land and of the household chattels were made with intent to de-fraud creditors, and as part of a fraudulent scheme and conspiracy to prevent plaintiff from collecting her debt, were sustained by the evidence; it not being claimed on behalf of S. that she had any better title than C.

Appeal from special term, Montgomery county.

Action by Harriet McDonald, as a judgment creditor of the defendant Maria McDonald, to set aside as fraudulent certain conveyances by her to the de-fendant Carrie McDonald, and by the latter to the defendant Lillie S. Steven-son. From a judgment for plaintiff, rendered upon trial by the court, said defendants appealed. For former report, see 7 N. Y. Supp. 935.

Argued before LEARNED, P. J., and LANDON and MAYHAM, JJ.

*E. J. Maxwell,* (*W. G. Maxwell,* attorney,) for appellants. *C. S. Nisbet,* for respondent.

LEARNED, P. J. The plaintiff recovered, on the 10th day of July, 1889, a judgment against Maria McDonald on an indebtedness which arose August 6, 1877. Execution was returned unsatisfied, and this action was brought to set aside conveyances of property made by Maria McDonald to her daughter, Carrie S. McDonald, and by said Carrie S. to one Lillie S. Stevenson. Maria, in 1884, conveyed the Main-Street property to Carrie S. without any valuable consideration. This conveyance was not set aside by the judgment. In Jan-uary, 1889, she conveyed to the same grantee, for no valuable consideration, the Spring-Street property. By bill of sale in July, 1888, she conveyed to her all her personal chattels. In May, 1889, she paid to her the proceeds of bank-stock amounting to about $2,000, and assigned to her a contract on which was to come due $2,400. There was no valuable consideration for any of these transfers, and they divested Maria of all property whatever. By a deed dated July, 1888, Carrie S. conveyed the Main-Street property, and by a deed dated April, 1889, the Spring-Street property, to Lillie S. Stevenson. In July, 1888, Carrie S. conveyed to said Lillie S. the personal property she had that same day received from Maria. For this there was no consideration. The alleged considerations for the conveyances of land to Lillie S. Stevenson are very suspicious, according to her own account of the transactions. And up-on the argument of the case, the defendants' counsel did not attempt to strengthen his position by any reliance on those conveyances. His claim is that the conveyances of the Spring-Street property, and of the personal chat-tels, to Carrie S., which were set aside by the judgment, were valid and should be sustained. It is unnecessary then to inquire whether Lillie S. Stevenson has any better title than Carrie S. has. The transactions with her are only

important as they may serve to give a coloring to the whole proceedings. Lillie S. Stevenson is no relative of Maria or Carrie S., but she had been living with them for some four years at the time of the trial, and was then so living. The personal chattels above mentioned were the furniture, household goods, and carriages and horses used by Maria in her house, the Main-Street property. Carrie S. did nothing about taking possession of the personal property. No inventory was made of it. And at the time both Carrie S. and Lillie S. Stevenson lived in the house with Maria. There was no actual change of possession, and Maria continued practically in the enjoyment of the personal property.

The learned justice who tried the case decided, as a matter of fact, that the conveyance to Carrie S. of the Spring-Street property, and the bill of sale to her of the household property, were made by Maria with intent to hinder, delay, and defraud creditors; and, further, that the conveyance of the Spring-Street property to Lillie S. Stevenson, and the bill of sale to her, were made with like intent. These are findings of the trial court, and, unless they are contrary to the evidence, should be binding upon us. The appellant urges that there is no finding of the insolvency of Maria. But such insolvency is only part of the evidence on which fraudulent intent may be found. As the referee found the fraudulent intent, he did not need to find all the evidence which led him to that result. But he does find that by these transfers Maria divested herself of all her property. If she had no property, and owed debts, she must have been insolvent. He further finds that these transfers were made and entered into by the defendants as part of a fraudulent scheme and conspiracy to divest Maria of all her property, so that plaintiff should be unable to collect his debt. It is true that a conveyance is not necessarily fraudulent as to creditors, because it is voluntary. But conveyances which put all of a debtor's property out of his hands, and which are made without consideration, are almost conclusive evidence of fraud. The debtor thereby deprives himself voluntarily of all means of paying his debts, and this he has no right to do. We have examined the evidence in this case and we think there are the plainest indications of fraud. As the appellant on the argument practically gave up all claim that Lillie S. Stevenson had any better title than Carrie S. we need not discuss the testimony as to her alleged transaction. We are satisfied that she is in no better position than Carrie S. And as to Carrie S., we think the finding of the special term is fully sustained.

There is one single point suggested by the appellant which should have some further consideration. We do not know whether it was fully presented to the special term. The bill of sale of the personal property is stated to have included furniture, etc. Apparently, then, it included exempt property. As to such exempt property the creditors of Maria were not defrauded. Therefore any property which would have been exempt from execution against Maria, should be excepted from the effect of the judgment. With this modification the judgment is affirmed, with costs. All concur.